**Jesus FUENTES, Plaintiff–Appellant,**

v.

**BOARD OF EDUCATION OF the CITY OF NEW YORK, Barry Mastellone, Administrator of the HHVI of the Board of Education of the City of**

New York, Denise Washington, Chief Administrator of Impartial Hearing Office of the Board of Education of the City of New York, Defendants–Appellees.

No. 03–7594.

United States Court of Appeals, Second Circuit.

June 28, 2005.

Jesus Fuentes, Comstock, N.Y. (on submission), for Plaintiff–Appellant, pro se.

Scott Shorr, Senior Counsel, for Michael A. Cardozo, Corporation Counsel, City of New York, New York, N.Y. (on submission), for Defendants–Appellees.

PRESENT: CALABRESI, KATZMANN, and B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

In 2001, Jesus Fuentes ("Fuentes"), the biological and non-custodial father of Matthew Fuentes ("Matthew"), filed a complaint against the New York City Board of Education ("BOE") under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, and under 42 U.S.C. § 1983.

In his complaint, he alleged that he was denied his rights under the IDEA (1) to review the BOE's written assessment of Matthew's special educations needs and (2) to be granted an impartial hearing to petition for reconsideration of the BOE's determination that Matthew did not need additional special instruction. The BOE moved to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b) and (c). It explained that it denied his requests upon learning that Fuentes did not have custodial rights over Matthew. A non-custodial parent, the BOE argued, lacked standing under the IDEA to exercise those rights. The BOE also claimed that because Fuentes failed to join a necessary party—Matthew's natural mother and custodial parent, Karen Thompson ("Thompson")—dismissal was warranted.

The district court (Block, *J.*) held that, under *Taylor v. Vermont Dep't of Educ.*, 313 F.3d 768, 779 (2d Cir.2002), it was required to look to state law to determine which parents have the power to make special education decisions. Because it found that New York law did not give non-custodial parents the right to make such decisions, the court dismissed Fuentes's complaint for lack of standing. Fuentes, now acting *pro se*, appealed to this court.

A district court's dismissal of a complaint for lack of standing is reviewed *de novo*, and we accept as true the allegations in the complaint and construe the complaint in favor of the complaining party. *See Connecticut v. Physicians Health Servs. of Conn., Inc.*, 287 F.3d 110, 114 (2d Cir.2002); *see also Bd. of Educ. of the Mt. Sinai Union Free Sch. Dist. v. N.Y. State Teachers Retirement Sys.*, 60 F.3d 106, 109 (2d Cir.1995) ("[I]t is the burden of the party who seeks the exercise of jurisdiction in his favor, clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute" (internal quotation marks omitted)).

The question of whether a non-custodial parent has standing to exercise the rights afforded to a "parent" under the IDEA is a difficult one. As the district court correctly noted, in *Taylor*, we held that the term "parent" as used in the IDEA is to be interpreted with reference to state law, and therefore state law would generally be

determinative of whether a non-custodial parent could exercise the rights granted by the IDEA. *See Taylor,* 313 F.3d at 779.

Because we do not readily find controlling New York State authority to guide our review—and because this review is complicated by Fuentes and Thompson's Judgment of Divorce and their Order Directing Custody being silent with respect to the allocation of parental rights in educational decisionmaking—we would be inclined to certify the standing question to the New York Court of Appeals. *See, e.g., Stichting v. Schreiber,* 407 F.3d 34 (2d Cir. 2005).[1]

We cannot do so in this instance, however, because certification may well not be determinative of the resolution of this case. *See Galdamez v. Keane,* 394 F.3d 68, 76 n. 5 (2d Cir.2005) (noting that when an issue of state law is not necessarily determinative of the outcome, we are unable to certify it to New York's Court of Appeals); *see also* N.Y. Court Rules § 500.17(a) (McKinney 2004) (permitting certification of only outcome-determinative questions). The BOE asserted that Fuentes's complaint should be dismissed because of his failure to join a necessary party. The district court did not address that argument, which, if decided in the BOE's favor, would moot the non-custodial standing question. Accordingly, before considering certification, we remand the case to the district court, since it is better situated than we are to decide the joinder question in the first instance.

For the foregoing reasons, we VACATE the judgment of the district court and REMAND the case for further proceedings consistent with this opinion.

---

1. We note that the federal district courts cannot certify questions to the New York Court of Appeals, and so certainly do not fault the district court's attempt to resolve this murky issue of state law.

